RAY SCROGGS v. JACK ALLEN RAMSEY

No. 8430DC939

(Filed 21 May 1985)

**Courts § 14.3— district court—dismissal of action filed in another county**

    A district court judge sitting in Swain County had authority to hear defendant's motion to dismiss an action filed by plaintiff in Cherokee County where both counties are in the same judicial district, and the record shows that the trial judge is a district judge empowered to hear motions in causes regularly calendared for trial or for the disposition of motions at any session to which he is assigned to preside, that defendant's motion to dismiss was regularly calendared for disposition in the Swain County District Court, and that the District Judge was assigned to preside at the particular session of the Swain County District Court. G.S. 7A-146; G.S. 7A-192.

APPEAL by plaintiff from *Snow, Judge.* Order entered 6 June 1984 in District Court, SWAIN County. Heard in the Court of Appeals 6 May 1985.

This is a civil action wherein plaintiff seeks specific performance of a lease agreement or, in the alternative, damages for breach of contract. The record reveals the following: Plaintiff's complaint was filed on 16 January 1984 in Cherokee County. On 15 March 1984 defendant filed an answer and a motion to dismiss,

pursuant to N.C.R.C.P., Rule 12(b)(6), for failure to state a claim upon which relief can be granted. On 16 May defendant served plaintiff with notice that he would request a hearing on his motion to dismiss on 5 June 1984, "or as soon thereafter as counsel can be heard," in Swain County. On 4 June 1984 plaintiff filed a "Notice of Objection to Hearing," in which he contended that a hearing on defendant's motion "out of county" was without his consent and was not authorized by statute. On 6 June 1984 Judge Snow granted defendant's motion to dismiss. Plaintiff appealed.

*Pachnowski & Collins, P.A., by Gerald R. Collins, Jr., for plaintiff, appellant.*

*Hunter, Large & Kirby, by Gary E. Kirby, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff's sole contention on appeal is that Judge Snow was without authority to hear defendant's motion to dismiss "over written objection of the plaintiff/appellant . . . out of county and out of venue." Our resolution of this issue is controlled by G.S. 7A-192 which in pertinent part provides: "Any district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside." G.S. 7A-146 provides that the chief district judge has the following duties, among others:

(1) Arranging schedules and assigning district judges for sessions of district courts;

(2) Arranging or supervising the calendaring of non-criminal matters for trial or hearing.

We take judicial notice of the fact that both Cherokee and Swain Counties are in the Thirtieth Judicial District, that the Honorable Robert Leatherwood, III, is the Chief District Judge in that District, and that the Honorable John J. Snow, Jr., is a District Court Judge in that District. The record affirmatively discloses that *Scroggs v. Collins*, along with numerous other cases, was regularly calendared for hearing at the 5 June 1984 Session of Swain County Non-Jury and Domestic Relations District Court. The court calendar, which is a part of the record on appeal, fur-

ther discloses that Judge Snow was the presiding judge at this session. Also contained in the record is an excerpt from the District and Superior Court Schedule, which reveals that Judge Snow was assigned to Swain County to hear "Non-Jury and Domestic Relations (District Wide)" on 5, 6, 7, and 8 June. Because the record discloses that Judge Snow is a district judge empowered to hear motions in causes regularly calendared for trial or for the disposition of motions at any session to which he is assigned to preside, and that defendant's motion to dismiss was regularly calendared for disposition at the 5 June 1984 Session of Swain County Non-Jury and Domestic Relations District Court, and that Judge Snow was assigned to preside at this session, we hold that plaintiff's assignment of error is without merit.

Affirmed.

Judges WEBB and WHICHARD concur.